**FARRICIELLI, et al., Plaintiffs,**

v.

**Arthur J. ROCQUE, Jr., Commissioner of the Connecticut Department of Environmental Protection, et al., Defendants.**

No. CIV. 3:96CV1388 (WWE).

United States District Court,
D. Connecticut.

March 2, 2001.

### RULING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

FITZSIMMONS, United States Magistrate Judge.

Plaintiffs bring this motion for preliminary injunction to prevent defendant Arthur Rocque, Jr., Commissioner of Connecticut Department of Environmental Protection, from proceeding with plans to close their landfill. For the reasons discussed below, plaintiffs' *Motion for Preliminary Injunction* [Doc. # 103], is **DENIED,** because they have not proved that they will suffer irreparable harm if the injunction is denied.

The court assumes familiarity with the facts and procedural history of this case as they are set forth in the previous rulings of July 1, 1998 [Doc. # 55] and June 12, 2000 [Doc. # 90]. Those recitations of the facts and procedural history of the case are hereby incorporated by reference into this ruling.

### STANDARD

It is axiomatic that a plaintiff seeking a preliminary injunction must demonstrate: "(a) irreparable harm, and (b) either (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly toward the party requesting the preliminary relief." *Jackson Dairy, Inc. v. H.P. Hood & Sons,* 596 F.2d 70, 72 (2d Cir.1979); *Paulsen v. County of Nassau,* 925 F.2d 65, 68 (2d Cir.1991). The Second Circuit has ruled that "one exception to the ordinary standard is that, where a preliminary injunction is sought against government action taken in the public interest pursuant to a statutory or regulatory scheme, the less-demanding fair ground for litigation standard is inapplicable, and therefore a likelihood of success must be shown." *Forest City Daly Hous., Inc. v. Town of North Hempstead,* 175 F.3d 144, 149 (2d Cir. 1999) (internal quotations omitted).

### A. IRREPARABLE HARM

Irreparable harm means that type of injury for which a monetary award would fail to be adequate compensation. *See Jackson Dairy,* 596 F.2d at 72; *Stewart B. McKinney Found. v. Town Plan and Zoning Comm. Town of Fairfield,* 790 F.Supp. 1197, 1208 (D.Conn.1992). *See also Forest City Daly Hous.,* 175 F.3d at 153 ("irreparable harm is injury that is neither remote nor speculative, but actual and imminent ...").

The Court finds that plaintiffs have failed to show irreparable harm in this case. Joseph Farricielli's affidavit in support of the motion for preliminary injunction states that he will suffer irreparable injury because the bond posted to cover closure and post-closure costs will be depleted before the property can be closed properly; he could be held liable for more than two million dollars in closure and post-closure costs; he will have no use of the property until the closure is finalized; the actions taken by the Commissioner in effectuating the partial closure are in violation of federal, state, and local law; the property will continue to be a risk to hu-

man health and the environment; and the Commissioner failed to consider alternative closure options.

As discussed above, if damages would be adequate compensation for an injury, irreparable harm has not been shown. Based on the testimony given at the preliminary injunction hearing, the Court finds that any injury plaintiffs may suffer is financial and, thus, could be compensated by a court's order of damages. *See Rodriguez v. DeBuono,* 162 F.3d 56, 61 (2d Cir.1998). There is no evidence on the record that would indicate that Farricielli's potential liability for the closure of the property and the lack of use of his property until closure is complete could not be adequately compensated by damages.

Plaintiffs' argument that they suffer from irreparable injury because of the alleged illegal actions taken by the Commissioner also fails. In this case, the court notes that, even if plaintiffs are successful in proving that the Commissioner acted illegally in depleting the bonds and in approving a partial closure of the site, plaintiffs could receive monetary compensation for these violations. The Commissioner could be ordered to provide sufficient funds for the closure and post-closure monitoring of the site, and/or could be required to reimburse plaintiffs for additional expenses incurred to fully close the site. Again, both of these possibilities involve an award of damages and preclude a finding of irreparable harm at this time.

Finally, the court rejects plaintiffs claim of irreparable injury based on the Commissioner's use of bond funds and failure to consider alternative closure options. Plaintiffs have not provided the court with any authority that these actions are mandated and that the Commissioner lacks discretion in making fund disbursements or approving closure plans. Rather, the trust agreements in this case between Quinnipiac Group, Inc., and the trustee, Fleet Bank, indicate that the trust is "for the benefit of DEP," and that the trustee shall only make payments from the trust at the direction of the Commissioner. [Def. Exh. 2,3.] This indicates to the court that the Commissioner has sole discretion to expend money from the fund. As to the Commissioner's failure to consider alternative closure plans, plaintiffs have again failed to provide the court with any authority that this is not a discretionary function of the agency. Thus, plaintiffs have not proven that either of these acts cause them irreparable injury or is redressable.

Since the Court finds that plaintiffs have not provided sufficient evidence to support a finding of irreparable harm, it will not address defendants' argument that plaintiffs have not shown a likelihood of success on the merits of their claim.

*CONCLUSION*

Plaintiffs' *Motion for Preliminary Injunction* [Doc. # 103], is **DENIED**.